BREAUX, C. J.
Plaintiffs sued to annul a sale by the administrator of the estate of their father to Isaac Faucett.
The charge is: That Isaac Faucett is a party interposed and that the sale is a simulation.
That “Louis Doucet, as administrator of the succession of Chas. Bell, pretended at the succession sale of Chas. Bell, on the 14th day of May, 1898, to sell and adjudicate the above-described property to Isaac Faucett, for the previously agreed price of $200, which Faucett never paid.”
*529 The admitted facts are: That the property was community property of the father and mother of plaintiffs.
That a money judgment had been obtained as stated in the Doueet’s account as administrator.
That the property was sold in pursuance to an order of court, and that a month thereafter the purchaser at succession sale (Fau-cett, since deceased) sold the property to Louis Doucet for a stated consideration of $200.
That Louis Doucet sold to Rowson and Haber in 1901. That they sold part of the land to Joseph Lafosse, and that all the vendees— i. e., Lafosse and Haber and Rowson — took possession of the property, and were from the first purchasers in good faith, and they had no knowledge of secret understandings between Doucet and Faucett, alleged interposed party.
Our learned brothers of the Court of Appeal made a summary of the facts which led them to this conclusion: That Faucett was an interposed party.
We accept as correct the summary and the conclusion of the court as to the fact just stated.
The district court, after a hearing of all the issues, sustained the defense on exception and dismissed the suit.
The Court of Appeal reversed the judgment of the district court; decided in favor of plaintiffs.
The case is before us on an application for a writ of certiorari.
The sale was made by the administrator to pay debts. The administrator had no interest of any kind in the property.
The sale may be null between the heirs of the late owner and the original vendee; but that nullity does not affect the title to the property acquired by third persons.
We have noted that these third persons admittedly were in good faith ; that admission was by counsel for plaintiff, together with the additional admission that they (the present owners) had no- knowledge of secret understanding between the administrator and the first vendee. That disposes of the question at issue against plaintiffs.
The purchasers have acquired a record title in due form; preceded by proceedings in due form. A purchaser in good faith in such a case acquires title.
The sale at public auction was not a nullity. The fraudulent acts of the administrator, of which the purchasers had no knowledge, do not affect defendants’ rights.
That question has been decided in other eases in which an administrator had bought through a person interposed.
The sale was not considered null or void in so far as third persons were concerned.
The innocent third person was invariably protected in his title.
The effect of the sale as to him was to transfer the title, particularly after a number of years have elapsed, as in this case, and there is nothing to give ground for inquiring into the title.
The argument is pressed upon our attention by learned counsel for the plaintiff that the sale was contra bonos mores, a simulation, and as such void.
We' are unable to take that view as relates to third persons. The laws of registry are imperative and govern.
The objection stated cannot obliterate their force and effect, even though wrongs have been committed between the legal representative of a succession and another who has participated with him in a fraud and simulation.
It is the misfortune of plaintiffs that the property of their father after his death felt into the hands of unscrupulous persons.
The court can give them no relief.
*531 It must be borne in mind, that the succession was represented by one wbo bad authority to administer. Whatever fraud he has committed cannot be visited upon those who knew nothing about this fraud.
We excerpt the following from a decision by Chief Justice Marshall (Fletcher v. Peck, 6 Cranch, 87, 3 L. Ed. 162):
“If a suit be brought to set aside a conveyance obtained by fraud, and the fraud 'be clearly proved, the conveyance will be set aside as between the parties; but the rights of third persons, who are purchasers without notice, for a valuable consideration, cannot be disregarded. Titles, which according to every legal test are perfect, are acquired with that confidence which is inspired by the opinion that the purchaser is safe. If there he any concealed defect arising from the conduct of those who had held the property long before he acquired it of which he had no notice, that concealed defect cannot be set up against him. He has paid his money for a title good at law. He is innocent, whatever may be the guilt of others, and equity will not subject him to the penalties attached to that guilt. All titles would be insecure, and the intercourse between man and man would be very seriously obstructed, if this principle be overturned.”
The decision is pertinent and expressed in the usually clear language of Chief Justice Marshall.
In the Aronstein Case, 49 La. Ann. 1484, 22 South. 408, cited for plaintiffs, the court pertinently stated:
“A fortiori must the defendant be held as knowing absolutely the want of title in both vendor and vendee.”
For reasons stated it is ordered, adjudged, and decreed that the judgment of the Court of Appeal is reversed, annulled, and avoided. It is further ordered, adjudged, and decreed that the judgment of the district court in this ease be reinstated, and that it be made the judgment of the district court and of this court; that the case be remanded to the district court for execution of the judgment.
It is further ordered, adjudged, and decreed that the plaintiffs pay costs of all courts.